IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTINE CAMP,

       Plaintiff,                                        CASE NO. 4:08cv73-SPM/AK

vs.

RESIDENTIAL ELEVATORS, INC.,

       Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

PENDING NOW before the Court is the Defendant's Motion for Summary Judgment (doc. 35), which has been supplemented by a Statement of Undisputed Facts (doc. 36), and a Memorandum of Law in Support (doc. 37). The Plaintiff has responded with a memorandum in opposition (doc. 43), and two Statements of Facts (docs. 44 and 45). For the forgoing reasons, the Defendant's motion will be denied.

**BACKGROUND**

Plaintiff has filed suit against Defendant for gender discrimination. The Defendant is a manufacturer and seller of residential elevators to individuals and building contractors. In February 2004, Plaintiff, a white female, was hired by the Defendant as an administrative assistant. Plaintiff eventually became a sales

support representative. In this new capacity, Plaintiff sent out mailings, prepared quotes for sales representatives, sent out supplies to sales representatives and prepared sales mobile offices for new sales representatives. When clients contacted Defendant, Plaintiff would put the client in touch with the appropriate sales representative responsible for that client.

Plaintiff claims that on three different occasions she expressed interest in working as a sales representative. Plaintiff claims that the Vice President, Eric Sharkey, told her that she could not work in the sales department because she was a woman and he did not want a woman in that position. In January 2006, when expressing interest in a temporary sales representative position, another sales representative was assigned that position instead. In March 2006, when Plaintiff pursued a permanent sales representative position, Defendant states that there was no position available. In June 2006, Plaintiff sought a sales technician position. This position remained vacant throughout the duration of Plaintiff's employment. Plaintiff resigned from Defendant on July 28, 2006. Subsequently, Plaintiff filed a charge with the Florida Commission on Human Relations and then filed this instant lawsuit.

Defendant argues that Plaintiff cannot state a prima facia case of discrimination because she was not qualified for any of Defendant's sales positions. Nor can Plaintiff demonstrate that Defendant gave the sales positions to a male with the same or similar qualifications as Plaintiff. Additionally, Defendant states that

even if Plaintiff can establish a prima face case, Defendant had a legitimate, non-discriminatory reason for not promoting Plaintiff; Plaintiff was not qualified and there were no openings in the geographic areas requested by Plaintiff.

**STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "material" if it might affect the outcome of the case under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party "by clear and convincing evidence". Id. at 254.

The burden is on Defendant to show that there are no genuine issues of material fact to be determined at trial. Mullins v. Crowell, 228 F.3d 1305, 1313 (11th Cir. 2000). In determining whether this burden has been met, the court views the evidence and all factual inferences in the light most favorable to the nonmoving party, and resolves all reasonable doubts about the facts in favor of the nonmoving party. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999).

If the moving party has satisfied its burden, the burden shifts to the nonmoving party who must show "that summary judgment would be inappropriate because there exists a material issue of fact." Mullins, 228 F.3d at 1313. The

burden can be met by presenting enough evidence to show that a reasonable finder of fact could find for the nonmoving party.  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).  The basic inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id. at 251.

**McDONNELL DOUGLAS FRAMEWORK**

Under the framework established in McDonnel Douglas Corp. v. Green, 411 U.S. 792 (1973) "the plaintiff has the burden of establishing a prima facie case of racial discrimination."  Moorer v. City of Montgomery, 293 Fed. Appx. 684, 688 (11th Cir. 2008).  A Plaintiff may satisfy his or her burden "by presenting direct evidence of an intent to discriminate . . .."  Goodin v. Sec'y of Def., 292 Fed. Appx. 763, 764 (11th Cir. 2008). In the alternative, a Plaintiff may present circumstantial evidence that creates an inference of discrimination and triggers the McDonnell Douglas burden-shifting framework.  Horne v. Turner Constr. Co., 136 Fed. Appx. 289, 291 (11th Cir. 2005) (citing Bass v. Bd. of County Comm'ers, 256 F.3d 1095, 1105 (11th Cir. 2001)).

"Direct evidence is evidence which does not require an inferential leap from the statement or action by the [employer] to the conclusion that the adverse decision was made with the intent to discriminate."  Camellia Therapeutic Foster Agency, LLC v. Riley, 290 Fed. Appx. 266, 271 (11th Cir. 2008) (citing Carter v. Three Springs Residential Treatment, 132 F.3d 635, 642 (11th Cir. 1998)).

"Evidence that is subject to more than one interpretation is not direct evidence." Ekokotu v. Boyle, 2008 U.S. App. LEXIS 20308 (11th Cir. Sept. 24, 2008) (citing Merritt v. Dillard Paper Co., 120 F.3d 1181, 1189 (11th Cir. 1997)). In this case, the statement of Plaintiff's supervisor, Eric Sharkey, that he did not want to put women into these sales representative positions constitutes direct evidence of discrimination that is not subject to more than one interpretation.

This direct evidence of disparate treatment has established a "prima facie case of intentional discrimination". Ferrill v. Parker Group, Inc.,168 F.3d 468, 472 (11th Cir. 1999). "The burden of persuasion [now] shifts from the employee to the employer, who must rebut the direct evidence of discrimination by affirmatively proving that it would have made the same decision" if the employer did not take gender into account. Id. Defendant has failed to make such a showing that Plaintiff's lack of qualification would have led him to make the same decision if he had not taken Plaintiff's gender into account. Therefore, Defendant has not met its burden of showing that there are no genuine issues of fact to be determined at trial. The Court takes no position with respect to the credibility of the evidence offered by the Plaintiff or the Defendant. However, because material issues of fact still remain in dispute, and the evidence presented would likely result in sufficient disagreement by a rational trier of fact, granting the Defendant's motion would be unwarranted.

Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

1. Defendant's motion for summary judgment (doc. 35) is ***denied***.

2. Defendant's motion for leave to reply (doc. 47) is **denied**.

3. Plaintiff's motion for an enlargement of time to file pre-trial documents (doc. 58) is hereby **granted**. Documents 59, 60, 61, 62 and 65 are accepted as timely filed.

4. Plaintiff's motion to set this trial for a date certain (doc. 63) is hereby **granted**. Such a date shall be finalized at the pre-trial conference on Monday, February 2, 2009. Both parties shall bring their calendars and any other information necessary to facilitate trial date selection. Accordingly, because of the imminent rescheduling of the trial date, the Court finds that Defendant is not prejudiced by Plaintiff's request for a two-day extension to file pre-trial documents. Defendant's motion for sanctions (doc. 64) is hereby **denied**.

5. The parties shall confer and file a Joint Pretrial Stipulation on or before **March 1, 2009.**

SO ORDERED this <u>thirtieth</u> day of January, 2009.

      *s/ Stephan P. Mickle*
      Stephan P. Mickle
      United States District Judge